UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **(IN CHAMBERS) ORDER RE DEFENDANTS QIHOO 360 TECHNOLOGY CO., LTD. AND ERIC X. CHEN'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK (DKT. 33);**

**DEFENDANTS QIHOO 360 TECHNOLOGY CO. LTD. AND ERIC X. CHEN'S MOTION TO DISMISS LEAD PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT (DKT. 57)**

## I.    Introduction

Altimeo Asset Management ("Altimeo") brought this putative securities class action on March 5, 2019 against Qihoo 360 Technology Co. Ltd. ("Qihoo"), Hongyi Zhou ("Zhou"), Xiangdong Qi ("Qi") and Eric X. Chen ("Chen") (collectively, "Defendants") in the Central District of California ("CACD"). Dkt. 1. Altimeo and ODS Capital LLC ("ODS") (collectively, "Plaintiffs"), were appointed as lead plaintiffs on July 1, 2019. Dkt. 42. Plaintiffs filed a First Amended Complaint ("FAC") on August 30, 2019, which is the operative one. Dkt. 53. The FAC advances the following claims: (i) Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5; and (ii) Section 20(a) of the Securities and Exchange Act. Dkt. 53 ¶¶ 313, 324, 331.

Prior to a transaction to take Qihoo private in 2016 (the "Transaction"), American depository receipts ("ADRs") for Qihoo were traded on the New York Stock Exchange. An ADR is a negotiable security traded on a U.S. exchange that reflects a beneficial interest in shares of a foreign company that are held by a U.S. depository bank. These shares are called American Depository Shares ("ADS"). Plaintiffs allege that Defendants published materially false and misleading proxy materials to cause a drop in the price of Qihoo ADRs prior to the Transaction. *Id.* ¶¶ 1-2. The putative class is defined as:

> [security holders] who held Qihoo ADS on July 15, 2016 or purchased Qihoo ADS any time after December 18, 2015, redeemed those ADS for Qihoo common stock during the Class Period, and then tendered those shares . . . in accordance with the instructions that Defendants provided in connection with the [Transaction].

Dkt. 53 ¶ 299.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

Plaintiffs have served Defendants Qihoo and Chen (Dkts. 17, 28), but have not yet served Defendants Qi and Zhou, who are Chinese nationals. Dkt. 49-1 at 3. On July 7, 2019, an Order to Show Cause re Dismissal for Lack of Prosecution was entered with respect to Defendants Qi and Zhou. ("Order to Show Cause"). Dkt. 43. It was set for hearing on September 23, 2019. Dkt. 50. Plaintiffs' counsel filed a declaration in response to the Order to Show Cause, explaining their efforts to effect service on Defendants Zhou and Qi pursuant to Fed. R. Civ. P. 4(f) and Article 5 of the Hague Convention. Dkt. 49 at 2-3. On September 16, 2019, Plaintiffs' counsel filed an update as to their efforts to serve Defendants Zhou and Qi. Dkt. 55.

On June 4, 2019, Defendants filed a Motion to Transfer Case to the Southern District of New York (("Motion"), Dkt. 33), a supporting memorandum (Dkt. 34), and corresponding materials (Dkt. 35). Lead Plaintiff ODS opposed the Motion on June 25, 2019. Dkt. 40. Defendants filed a reply and supporting materials on July 9, 2019. Dkts. 44, 45. The Motion was set for hearing on September 23, 2019, the same day as the hearing on the Order to Show Cause. Dkt. 56. During the hearing, the Order to Show Cause was discharged, and the Motion was taken under submission. Dkt. 56. While the Motion was under submission, Defendants filed a motion to dismiss ("Motion to Dismiss"). Dkt. 57.

For the reasons stated in this Order, the Motion is **GRANTED**, and the action is transferred to the United States District Court for the Southern District of New York. As the Motion is granted, the Motion to Dismiss is **MOOT**.

II.     **Factual Background**

    A.     The Parties

Lead Plaintiff Altimeo is an independent portfolio management company based in France. *Id.* ¶ 18. Altimeo is allegedly authorized to bring legal actions on behalf of injured investors. *Id.* Altimeo, through a separate entity called Altimeo Optimum whose claims were assigned to Altimeo, allegedly purchased and sold Qihoo securities -- including ADRs on the NYSE -- on behalf of its investors during the Class Period. *Id.* ¶ 19.

Lead Plaintiff ODS Capital LLC is incorporated in Florida and has its primary place of business there. *Id.* ¶ 20. Altimeo allegedly purchased and sold Qihoo securities -- including ADRs on the NYSE -- during and near the time of the Transaction. *Id.* ¶ 19.

Defendant Qihoo is a technology company incorporated in the Cayman Islands, whose principal place of business is in Beijing, China. *Id.* ¶ 21. Qihoo is China's leading provider of cybersecurity software and associated services. *Id.* ¶ 34. Before the Transaction, Qihoo ADRs were traded on the New York Stock Exchange under the ticker symbol "QIHU." *Id.* ¶ 21. Each ADR was redeemable for 1.5 of Qihoo's Class A ordinary shares. *Id.* The Bank of New York Mellon ("BNY Mellon"), which is located in New York City, was the U.S. depository that issued Qihoo ADRs. *Id.* At or about the time of the Transaction, Qihoo worked with an investor relations firm based in New York City that received and responded to investor and media inquiries about the transaction. Dkt. 34 at 16.

Defendant Chen resides in San Mateo County, California. Dkt. 44 at 10. It is alleged that Chen served as a director of Qihoo from January 2014 to the date of the Transaction. Dkt. 53 ¶ 24. It is also alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

that he was the chairman of a special committee that Qihoo established to evaluate the Transaction and issue a recommendation to Qihoo's board of directors. *Id.* If the Motion is granted, Chen is willing to travel to New York City, as necessary, to fulfill his responsibilities in connection with the litigation. Dkt. 44 at 10-11.

It is alleged that Defendant Zhou is Qihoo's co-founder. Dkt. 53 ¶ 22. It is alleged that Zhou served as Qihoo's Chairman and Chief Executive Officer from August 2006 to the date of the Transaction. *Id.*

It is alleged that Defendant Qi is Qihoo's co-founder. *Id.* ¶ 23. It is alleged that Qi served as Qihoo's President and a director from Qihoo's establishment in 2005 to the date of the Transaction. *Id.*

      B.      Alleged Misconduct by the Defendants

It is alleged that on June 17, 2015, Qihoo announced a preliminary offer from a group led by Defendant Zhou to acquire Qihoo at $77 per ADS, or $51.33 per ordinary share. *Id.* ¶ 42. On December 18, 2015, Qihoo announced that its board of directors had approved the transaction -- which was apparently structured as a merger -- and had agreed to a merger agreement. *Id.* ¶¶ 59-60. Qihoo represented that a special committee formed by the board of directors had evaluated the transaction and issued a positive recommendation. *Id.* Qihoo informed shareholders that the merger would be an all-cash transaction in which Qihoo was valued at approximately $9.3 billion. *Id.* ¶ 3.

It is alleged that between January 11, 2016 and March 3, 2016, Defendants published several proxy materials about the Transaction. *Id.* ¶ 4. It is further alleged that the Transaction was approved by a shareholder vote on March 30, 2016, and that the merger closed on July 15, 2016. *Id.*

Plaintiffs allege that these proxy materials contained materially false and misleading statements that induced ADS holders and stockholders to approve the merger. *Id.* ¶ 5. In particular, Plaintiffs identify statements by Qihoo that there would be no significant changes to Qihoo's corporate structure following the Merger. *Id.* Plaintiffs allege that, at the time of the merger, these statements were false and misleading because the Defendants planned to re-list Qihoo on a public exchange in China. *Id.* Plaintiffs further allege that the Defendants wanted to move Qihoo to a Chinese exchange because "Qihoo's internet security business provided important services related to Chinese national security interests that could not be fully realized when Qihoo had the foreign status of being listed in the United States." *Id.* ¶ 8.

At some time after the Transaction, Qihoo was re-listed on a Shanghai stock exchange. At that time, Qihoo's market capitalization was approximately $60 billion, which was several times greater than the merger price. *Id.* ¶¶ 12-13.

      C.      Earlier Action by ODS in the Southern District of New York ("SDNY Action")

On January 17, 2019, more than six weeks before this action was filed, Lead Plaintiff ODS filed a parallel action in the SDNY (the "SDNY Action"). *ODS Capital LLC v. Qihoo 360 Tech. Co.*, No. 1:19-cv-00501 (S.D.N.Y.). The complaint in the SDNY Action is almost identical to the one filed here. SDNY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

Action, Dkt. 1.[1]

On March 18, 2019, about two weeks after this action was filed, ODS filed a motion for appointment of Altimeo and ODS as lead plaintiffs in the SDNY Action. SDNY Action, Dkts. 7, 8, 9. On the same day, ODS substituted the law firm Pomerantz LLP ("Pomerantz") in the SDNY Action to replace its previous counsel. SDNY Action, Dkt. 6. Pomerantz also represents the Plaintiffs in this action. Dkt. 53.

On April 15, 2019, Altimeo and ODS moved to transfer the SDNY Action to this District. SDNY Action, Dkts. 14, 15, 16. Because no defendants had appeared in the SDNY Action, the district court *sua sponte* dismissed the action without prejudice. SDNY Action, Dkt. 18 at 2. The court reasoned that dismissing the action rather than ruling on the motion would preserve Defendants' ability to seek a transfer to the SDNY or another forum by filing a motion in this action. *Id.* On April 25, 2019, Altimeo and ODS moved for reconsideration of the dismissal. SDNY Action, Dkts. 19, 20. In response to the motion for reconsideration, the district court ordered the already-served defendants to enter an appearance, so their views could be considered. SDNY Action, Dkt. 34. After this order issued, Altimeo and ODS voluntarily dismissed the SDNY Action. SDNY Action, Dkt. 39.

The parties provide different explanations for the voluntary dismissal of the SDNY Action. Defendants Chen and Qihoo contend that the SDNY Action was voluntarily dismissed "[p]erhaps in an attempt to avoid the New York Court from reviewing Defendants' Opposition and denying [the transfer motion]." Dkt. 34 at 9. Lead Plaintiffs contend that the voluntary dismissal was designed to promote efficiency. Dkt. 40 at 10. This disagreement is not material to the resolution of the issues presented by the Motion.

### III. Analysis

    A. Legal Standards

        1. Transfer of Venue Under a Forum-Selection Clause

Transfer from one federal forum to another is governed by 28 U.S.C. § 1404(a), which Congress established to "replace[] the traditional remedy of outright dismissal with transfer." *Atl. Marine Constr. Co., Inc. v. U.S. District Court for the W. District of Tex.*, 571 U.S. 49, 60 (2013). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

The application of 28 U.S.C. § 1404(a) is affected by a valid forum-selection clause:

> In the typical case not involving a forum-selection clause, a district court considering a

---

[1] Citations to the record in the SDNY Action are provided in the following format: SDNY Action, followed by a docket entry ("Dkt.") and a page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

> § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." § 1404(a).
>
> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 31, (1988). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* at 33 (Kennedy, J., concurring).

*Atl. Marine Constr. Co.*, 571 U.S. at 62-63.

Forum-selection clauses are not limited to contractual causes of action, and may apply to statutory and tort claims as well. *Yan Guo v. Kyani, Inc.*, 311 F. Supp. 3d 1130, 1139 (C.D. Cal. 2018) (citing *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988); *Perry v. AT&T Mobility LLC*, No. C 11-01488 SI, 2011 WL 4080625, at *3 (N.D. Cal. Sept. 12, 2011). This principle applies to claims brought under the Securities and Exchange Act. For example, in the context of an action under that statute, *Scherk v. Alberto-Culver Co.* held that an arbitration agreement that functioned "as a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute" was enforceable. 417 U.S. 506, 519-20 (1974); *see Richards v. Lloyd's of London*, 135 F.3d 1289 (9th Cir. 1998) (applying *Scherk* in the context of a securities dispute). In assessing whether a particular choice-of-forum clause applies to non-contractual claim, a court must evaluate the forum-selection clause:

> The outcome depends on the breadth of the language used in the forum selection clause. *LaCross v. Knight Transp., Inc.*, 95 F.Supp.3d 1199, 1207 (C.D. Cal. 2015). Where, for example, the clause governs claims "arising under" the particular agreement that contains the forum selection clause, it "should be interpreted narrowly," *i.e.*, as applying only to those disputes "relating to the interpretation and performance of the contract itself." *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 922 (9th Cir. 2011) (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983) ); *see also Rey v. Rey*, 666 Fed. Appx 675, 676 (9th Cir. 2016) (a forum selection clause that applies to disputes "stemming from" an agreement is comparable to "arising under" and is "narrow in its scope"). By contrast, a clause that provides that all disputes "arising out of or relating to" or "in connection with" an agreement shall be adjudicated in a specified forum is broader. *Cape Flattery*, 647 F.3d at 922; *LaCross*, 95 F.Supp.3d at 1207.

*Yan Guo*, 311 F. Supp. at 1139.

The analysis under § 1404 does not end with a finding that a valid forum-selection clause applies to an action. Rather, a court must consider whether there are public interests that justify overriding the parties' choice of venue. *See Atl. Marine Constr. Co.*, 571 U.S. at 63-65 (the parties' private interests are not material where a valid forum-selection clause applies). "A forum selection clause may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

deemed unreasonable under the following circumstances: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *LaCross*, 95 F. Supp. 3d at 1203 (citing *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir.2007)). The party seeking to escape a forum-selection clause "bear[s] a heavy burden of proof." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972).

    2.    <u>First-to-File Rule</u>

The basis for the first-to-file rule varies from that for *forum non conveniens*. The first-to-file rule is "a . . . doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food and Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). To determine whether the first-to-file rule should apply, a court considers: (i) the order in which the actions were filed; (ii) the similarity of the parties; and (iii) the similarity of the claims and issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

The first-to-file rule has been not been applied where the previously-filed action has been dismissed. *Exec. Law Grp., Inc. v. Exec. Law Grp. PL*, No. SAC-13-01823-MMM-RNBx, 2014 WL 12577090, at *3 (C.D. Cal. Mar. 24, 2014) (collecting decisions from various districts); *see Micron Tech., Inc. v. Factory Mutual Ins. Co.*, No. 18-07689-LB, 2019 WL 2410732, at *8 (N.D. Cal. June 7, 2019) (same).

    B.    Application

        1.    <u>Whether the Forum-Selection Clause Applies to Plaintiffs' Claims</u>

As explained above, an ADR is a negotiable security that reflects a beneficial interest in shares of a foreign company. An ADR is issued by a U.S. depository institution, which in this action was BNY Mellon. That institution maintains legal title over the underlying shares. An ADS is such an underlying share held by a U.S. depository institution. *See Stoyas v. Toshiba Corp.*, 896 F.3d 933, 940 (9th Cir. 2018). An ADR is treated as a contract between the security holder and the depository institution. An ADR holder is "deemed to have agreed [to terms in ADRs] . . . by their acceptance and holding of ADRs." *Id.* at 941 (quoting *Batchelder v. Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998)).

The Third Circuit has explained the nature of the relationship between a depository institution and the foreign company whose shares are traded through an ADR:

> ADRs may be either sponsored or unsponsored. An unsponsored ADR is established with little or no involvement of the issuer of the underlying security. A sponsored ADR, in contrast, is established with the active participation of the issuer of the underlying security. An issuer who sponsors an ADR enters into an agreement with the depositary bank and the ADR owners. The agreement establishes the terms of the ADRs and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

rights and obligations of the parties, such as the ADR holders' voting rights.

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 367 (3d Cir. 2002).

Under these standards, where there is a foreign company sponsor, "the ADRs are not independent from [the company's] foreign securities or from [the company] itself." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL No. 2672 CRB-JSCx, 2017 WL 66281, at *5 (N.D. Cal. Jan. 4, 2017).

Qihoo sponsored ADRs on the New York Stock Exchange by entering into a Deposit Agreement with BNY Mellon. Dkt. 35-5. Section 7.06(b) of the Deposit Agreement provides:

> Any controversy, claim or cause of action arising out of or relating to the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or this Deposit Agreement not subject to arbitration under this Section 7.06 shall be litigated in the Federal and state courts in the Borough of Manhattan, The City of New York and the Company hereby submits to the personal jurisdiction of the court in which such action or proceeding is brought.

Dkt. 35-5 at 23, § 7.06(b).

Section 24(b) of the ADRs issued by BNY Mellon to securityholders includes a forum-selection clause that parallels Section 7.06(b) of the Deposit Agreement:

> Any controversy, claim or cause of action arising out of or relating to the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or the Deposit Agreement not subject to arbitration under Section 7.06 of the Deposit Agreement shall be litigated in the Federal and state courts in the Borough of Manhattan, The City of New York and the Company hereby submits to the personal jurisdiction of the court in which such action or proceeding is brought.

Dkt. 35-5 at 37, § 24(b).

A Qihoo ADR is interpreted as a contract between BNY Mellon and the securityholder. Therefore, the members of the putative class, who traded Qihoo ADRs, are deemed to have agreed to the forum-selection clause in Section 24(b) of the ADRs. When the Deposit Agreement and ADRs are considered in context, it is clear that Qihoo is an intended beneficiary of the forum-selection clause in the Qihoo ADRs. The forum-selection clause is broad in scope in that it applies to all "controvers[ies], claim[s], or cause[s] of action" arising out of the ADRs, ADSs, or Deposit Agreement. *Id.* This breadth supports the view that the forum-selection clause is intended to protect Qihoo's interests. Further, the forum-selection clause states expressly that Qihoo -- "the Company" -- submits to the personal jurisdiction of the S.D.N.Y. and state courts in Manhattan. Once again, this supports the view that Qihoo is an intended beneficiary of the clause that is entitled to enforce it. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (a range of participants in a transaction, including non-parties who are closely related to the contractual relationship, should benefit from and be subject to a forum-selection clause); *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
|---|---|---|---|
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

Cir. 1999) ("The intended beneficiary need not be specifically or individually identified . in the contract, but must fall within a class clearly intended by the parties to benefit from the contract. One way to ascertain such intent is to ask whether the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him or her." (citations omitted)); *Mitsui Sumitomo Ins. USA, Inc. v. Tokio Marine & Nichido Fire Ins. Co.*, No. 2:12-CV-09953-JAK-JCGx, 2013 WL 12136602, at *4 (C.D. Cal. Aug. 8, 2013) (third parties who are part of a transaction may benefit from, and be subject to, forum-selection clauses); *4580 Thousand Oaks Boulevard Corp. v. Feldman*, No. 2:12-CV-04462-MMM-JCGx, 2012 WL 1284636, at *2 (C.D. Cal. July 30, 2012) (an intended beneficiary may enforce a forum-selection clause); *see In re Optimal U.S. Litig.*, 813 F. Supp. 2d 351, 369 (S.D.N.Y. 2011) (similar).

Because the forum-selection clause in the Qihoo ADRs is binding on Plaintiffs, and Qihoo is entitled to enforce it as an intended beneficiary, the next issue is whether Plaintiff's claims fall within its scope. They do. The language "arising out of or relating to" is broad and shows that the forum-selection clause applies not only to contractual claims, but also to those that arise from statutes or that are torts. *Yan Guo*, 311 F. Supp. at 1139 (citing *Cape Flattery*, 647 F.3d 914 at 922; *LaCross*, 95 F.Supp.3d at 1207). Plaintiffs' claims under Section 10(b) of the Securities and Exchange Act, Rule 10b-5 and Section 20(a) of the Securities and Exchange Act fall within this broad forum-selection clause. They "aris[e] out of or relate[e] to" the ADRs, because they are based on allegations that false and misleading proxy statements depressed the prices of ADRs traded on the NYSE. Dkt. 53 at 7-10. Further, the putative class consists of certain former holders of Qihoo ADRs. *Id.* at 12-15. Moreover, the alleged violations of securities laws arose only because Qihoo ADRs were traded on a U.S. exchange.

*Fasano v. Peggy Yu Yu*, 921 F.3d 333 (2d Cir. 2019), confirms this analysis. It reviewed a district court decision to dismiss a putative securities class action on *forum non conveniens* grounds, which is similar to granting a motion to transfer venue under 28 U.S.C. § 1404(a). *Fasano* held that the district court abused its discretion in making this decision by declining to evaluate a forum-selection clause in the relevant ADRs. *Id.* at 337. Although *Fasano* did not assess whether a securityholder is deemed to have agreed to a forum-selection clause in an ADR, it suggests that such forum-selection clauses can be binding and enforceable. *Id.* at 336-37.

The contrary arguments by Lead Plaintiff ODS are not persuasive. Although Plaintiffs' claims are grounded in allegedly false or misleading statements and not the ADRs themselves, they nevertheless "relate to" the ADRs. That similar claims under federal securities law may be brought as to non-ADR securities does not change the validity or applicability of the forum-selection clauses in the ADRs. ODS's argument that, because this is a putative class action, the connection between the ADRs and the claims is limited is also unpersuasive. Each member of the putative class was presumably issued an ADR that contained the forum-selection clause.

Further, ODS's reliance on the internal affairs doctrine is misplaced. ODS cites *Sciabacucchi v. Salzberg*, No. 2017-0931-JTL, 2018 WL 6719718, at *18-22 (Del. Ch. Dec. 19, 2018), where the Delaware Chancery Court assessed whether a forum-selection clause in a corporate charter applied to claims under the Securities Act of 1933. *Sciabacucchi* held that forum-selection clauses in a charter could only be applied to claims about internal corporate affairs and not to Securities Act claims that concern external affairs akin to tort claims. *Id.* ODS argues that the same "internal affairs" limitation applies to whether the forum-selection clause in the Qihoo ADRs controls the claims here, because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

"[Qihoo's] ability to issue securities stems from its articles of association." Dkt. 40 at 14. However, *Sciabacucchi* reasoned that the forum-selection clause in a corporate charter was insufficient to establish contractual privity between a securityholder and a corporation. By contrast, the forum-selection clause is in ADRs that were issued to each securityholder. That Qihoo's articles of association permitted it to issue those ADRs does not affect or change the analysis.

For these reasons, holders of Qihoo ADRs, including Plaintiffs, agreed to the forum-selection clause in the Qihoo ADRs. Qihoo, as an intended beneficiary of the clause, is entitled to enforce the forum-selection clause by bringing a motion to transfer venue. Plaintiffs' putative class claims fall within the broad scope of the forum-selection clause, notwithstanding that their securities claims are statutory.

        2.      <u>Whether the Public Interest Favors Overriding the Forum-Selection Clause</u>

As noted, Plaintiffs "bear a heavy burden of proof" when seeking to avoid a forum-selection clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972). "A forum selection clause may be deemed unreasonable under the following circumstances: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *LaCross*, 95 F. Supp. 3d at 1203 (citing *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir.2007)).

ODS argues that the forum-selection clause should not apply because open-market purchasers of ADSs did not sign or negotiate the terms of the forum-selection clause. This position lacks force. *Carnival Cruise Lines, Inc. v. Shute* held that a non-negotiated forum-selection clause in a form contract for a cruise ticket was not *per se* unreasonable. 499 U.S. 585, 593 (1991). The Court then analyzed the form contract for "fundamental fairness":

> In this case, there is no indication that petitioner set Florida as the forum in which disputes were to be resolved as a means of discouraging cruise passengers from pursuing legitimate claims. Any suggestion of such a bad-faith motive is belied by two facts: Petitioner has its principal place of business in Florida, and many of its cruises depart from and return to Florida ports. Similarly, there is no evidence that petitioner obtained respondents' accession to the forum clause by fraud or overreaching. Finally, respondents have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity.

499 U.S. at 595.

Here, as in *Carnival Cruise Lines, Inc.*, Plaintiffs have not shown that the forum-selection clauses in Qihoo ADRs were intended to -- or would have the effect of -- discouraging holders of Qihoo ADSs from pursuing claims. Indeed, Lead Plaintiff ODS, which opposes the transfer to the SDNY, filed an earlier action there. Nor is there evidence that the forum-selection clause was the product of fraud or overreaching. The clause is worded clearly and appears on the face of the Qihoo ADRs. Plaintiffs have not shown that proceeding with the litigation in the SDNY instead of this District would be contrary to public policy. Further, the members of the putative class are likely sophisticated parties, or ones with at least as much knowledge and experience as the average purchaser of a cruise-ship ticket, and for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01619 JAK (JCx) | Date | October 24, 2019 |
| Title | Altimeo Asset Management v. Qihoo 360 Technology Co., Ltd. | | |

whom enforcement of the forum-selection clause would cause little or no harm.

ODS's other arguments about the public interest also lack force. The insignificant difference in the flight time for Beijing-based witnesses who would travel to California instead of New York does not change the analysis. Traveling from Beijing to the United States will require an entire day of travel whether the destination is New York City or Los Angeles. Similarly, that Defendant Chen is located in California is not material because he resides in San Mateo County, which is a substantial distance from this District. Moreover, he has agreed to travel to New York City as necessary, which is a commitment that he cannot later seek to avoid. That Qihoo's investor relations contact is located in New York City provides some, but little weight in favor of transfer. Finally, although Plaintiffs' choice of forum is entitled to no weight because private interests are irrelevant where a forum-selection clause controls, ODS's choice to file the SDNY Action before the instant action suggests that ODS would not be unduly burdened by a transfer.

For the foregoing reasons, Lead Plaintiff ODS has not met its burden to demonstrate that the public interest factors justify overriding the forum-selection clause.[2]

### IV.   Conclusion

For the reasons stated in this Order, the Motion is **GRANTED**. This action is transferred to the United States District Court for the Southern District of New York. As the Motion is granted, the motion to dismiss (Dkt. 57) is **MOOT**.

_____  :  _____

Initials of Preparer   ake

---

[2] Because the forum-selection clause in the ADRs requires the transfer of this action to the SDNY, it is unnecessary to address the first-to-file rule.